**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1756

SHARON B. HARRIS,

    Plaintiff - Appellant,

  v.

SUSAN BOWER SUTPHIN,

    Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Robert S. Ballou, Magistrate Judge. (7:14-cv-00378-RSB)

Submitted: March 30, 2016    Decided: April 13, 2016

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James J. O'Keeffe, IV, JOHNSON, ROSEN & O'KEEFFE, LLC, Roanoke, Virginia, for Appellant.  Joshua D. Goad, JOHNSON, AYERS & MATTHEWS, PLC, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharon B. Harris appeals from the final judgment after an unfavorable jury verdict in her diversity personal injury action arising from a motor vehicle accident. The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) (2012). Harris appeals from the magistrate judge's denial of her Fed. R. Civ. P. 50 motions for judgment as a matter of law at the conclusion of the evidence and after the jury returned its verdict. Harris also challenges the adequacy of the magistrate judge's jury instructions. We affirm.

We review de novo the denial of Fed. R. Civ. P. 50 motions for judgment as a matter of law. Adkins v. Crown Auto, Inc., 488 F.3d 225, 231 (4th Cir. 2007). In assessing whether there was a sufficient evidentiary basis for the jury to return a verdict for the nonmoving party, we must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in her favor. Id.; Buckley v. Mukasey, 538 F.3d 306, 321 (4th Cir. 2008). We "may not make credibility determinations or substitute our judgment for that of the jury." United States v. Kivanc, 714 F.3d 782, 795 (4th Cir. 2013).

Our review of the briefs and the record leads us to conclude that the magistrate judge did not err in denying Harris' motions for judgment as a matter of law. We agree with

2

the magistrate judge that the evidence presented an appropriate question for the jury as to liability.

Turning to Harris' contention that the magistrate judge improperly instructed the jury, we note that we generally "review challenges to jury instructions for abuse of discretion, bearing in mind that a trial court has broad discretion in framing its instructions to a jury." Gentry v. E. W. Partners Club Mgmt., __ F.3d __, __, No. 14-2382, 2016 WL 851673, at *3 (4th Cir. Mar. 4, 2016) (internal quotation marks omitted). Instructions are adequate "if construed as a whole, and in light of the whole record, they adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Id. (alteration and internal quotation marks omitted). Although we review de novo whether the jury instructions were correct statements of law, "[e]ven if a jury was erroneously instructed . . . we will not set aside a resulting verdict" absent serious prejudice to the challenging party's case. Id. (internal quotation marks omitted).

If the challenging party failed to preserve an argument by "object[ing] on the same basis below as [s]he contends is error on appeal," we review for plain error. United States v. Zayyad, 741 F.3d 452, 459 (4th Cir. 2014); see Gentry, 2016 WL 851673, at *6 (applying plain error standard to unpreserved challenge to

3

jury instructions). We conclude that, in the instant case, Harris is entitled only to plain error review. Accordingly, Harris must establish that the district court erred, that the error was plain, and "that the error affected her substantial rights, meaning that there must be a reasonable probability [as opposed to a mere possibility] that the error affected the outcome of the trial." Gentry, 2016 WL 851673, at *6 (internal quotation marks omitted). Moreover, "the error should only be corrected where not doing so would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (alteration and internal quotation marks omitted).

We conclude that Harris cannot satisfy the plain error test. Accordingly, we affirm the magistrate judge's rulings on Harris' Rule 50 motions, and we affirm the final judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED